UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODOLFO ANTONIO LOPEZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>MICHEAL ROGERS,<br><br>Defendant. | CAUSE NO. 3:20-CV-39-JD-MGG |

OPINION AND ORDER

Rodolfo Antonio Lopez, Jr., a prisoner without a lawyer, filed a complaint against Michael Rogers or the current Acting Director of the National Security Agency alleging unlawful conspiracy and acts of surveillance against him. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, a *pro se* complaint must be liberally construed "however inartfully

pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In his complaint, Lopez alleges that Michael Rogers, or the current Acting Director of the National Security Agency ("NSA"), conspired against him by engaging in unlawful acts of surveillance. (ECF 1 at 6.) He demands that he be given government documents pertaining to the surveillance, including those which show "what government level authorize[d] the unlawful surveillance and conspiracy" and those "executive orders issued by the President of the United 48 States of America." (*Id*.) In addition to the release of documents, Lopez "makes claim and order[s]" the complete removal of all NSA employees, including all intelligence employees, and the "complete removal of all United 48 States military personnel[] from Hawaii and Alaska." (*Id*.) He states that "[a]ny person not adhering to the requirement to vacate their post will be forced to leave, deadly force authorized." (*Id*.) Thus, he asserts that a conspiracy to physically harm him is "no joking matter" and is a "malicious attempt on life without any due process, justification, or reason for such actions." (*Id*.)

Lopez further asserts that the NSA utilizes satellite and ground surveillance units to watch his every move "twenty-four hours a day seven days a week with a staff of three shifts and a specifically assigned weekend staff." (*Id*. at 7.) However, he claims that the NSA Director's surveillance attempts against him have been unsuccessful and are "cowardly acts under an administration poised in ridicule." (*Id*.) Lopez states that he is imprisoned for no just cause and is in a war with United States of America, but the war has no frontline because the government's actions are shrouded in secrecy and

conspiracy. (*Id*.) He claims that blood has been spilled by his sons and daughters who have not yet been born. (*Id*.) Lopez asserts his loved ones have suffered by the cowards who lead this conspiracy in the upper levels of a faithless government. (*Id*.)

These allegations are sufficient to demonstrate the claims presented are meritless. *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity."). Therefore, this case will be dismissed.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile"). *See also Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (amendment of complaint with fantastic and delusional allegations would be futile). Such is the case here. Therefore, Lopez will not be permitted to file an amended complaint.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim. The clerk is DIRECTED to close the case.

3

SO ORDERED on April 30, 2020.

s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT
